IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **MEGAN LONG,** | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:25-CV-101-CWR-ASH |
| **KERECIS LLC**, | |
| *Defendant*. | |

## ORDER

Before the Court is a motion to dismiss filed by defendant Kerecis LLC. Docket No. 10. For the reasons that follow, Kerecis' motion will be granted in part and denied in part.

**I.    Factual and Procedural History**

Plaintiff Megan Long was hired by Kerecis on August 23, 2022, as a Surgical Sales Representative. Much of her clientele was based in Mississippi, and she was expected to meet an annual sales quota of $500,000 for the fiscal year running from October 2022 to September 2023. She successfully met that quota, which entitled her to bonus payments. After receiving her base salary and the applicable bonuses, Long's total income for her first year with Kerecis totaled around $300,000.

Long alleges that she was sexually harassed "the weeks prior to April 2023" by Joe Santilli, a Regional Burn and Surgical Specialist. She claims that the harassment occurred during phone calls and in person at a sales training seminar, which Bill Wagner, Director of Sales, witnessed. Long reported the harassment, and Kerecis conducted an internal investigation. Kerecis terminated Santilli in May 2023, following the investigation.

Six months later, in October 2023, Long's annual sales quota quadrupled to $2,000,000 and her previous sales territory was split into three sales territories.[1] By December 2023, Kerecis hired two new male representatives to work two of the three territories that Long previously serviced. These new hires were also given Long's original sales quota of $500,000.

Long alleges that Wagner increased her sales quota and reduced her sales territory as retaliation for reporting his close friend, Santilli, for sexual harassment. Long further alleges that in late March 2024, Wagner suggested to Carl Bayhi, Long's direct supervisor, that Long be put on a Performance Improvement Plan (PIP). Bayhi, however, declined the suggestion.

Long filed an EEOC Charge of sex discrimination, sex harassment, and retaliation against Kerecis on April 30, 2024. On June 3, 2024, Kerecis submitted a Position Statement alleging that the quota increase was a company-wide initiative to raise quotas for higher-performing representatives in the company for fiscal growth. Kerecis further alleges that Long's job performance decreased tremendously and was the root of the other allegations she proposed.

Long filed this action after receiving her right to sue letter from the EEOC. She seeks relief under Title VII for retaliation, hostile work environment and/or quid pro quo sexual harassment, and sex discrimination. Kerecis now moves to dismiss Long's complaint for failure to state a claim. The parties' arguments are addressed below.

---

[1] The record does not clearly indicate how Kerecis divided the territory or the states in which the territories are located.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." *Id.*

A claim is plausible when the factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* In reviewing a motion to dismiss, the court accepts the factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

## III. Discussion

### A. Sexual Harassment

Kerecis argues that Long's sexual harassment claim is untimely because she filed an EEOC Charge more than 180 days after the alleged sexual harassment. Docket No. 11 at 4. Long responds that the harassment was repetitive and that her claim is timely under the continuing violation doctrine. Having considered Long's allegations, the Court disagrees.

Title VII generally requires claimants to file an EEOC Charge within 180 days of unlawful employment practices. 42 U.S.C. §2000e-5(e)(1). But a plaintiff alleging a hostile work environment "is not limited to filing suit on events that fall within this statutory time period." *Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 328 (5th Cir. 2009). Instead, under the continuing violation doctrine, "as long as an employee files her complaint while at least one act which comprises the hostile work environment claim is still timely, the entire time period

3

of the hostile environment may be considered by a court for the purpose of determining liability." *Heath v. Bd. of Super. for S. Univ. and Agri. and Mech. Coll.*, 850 F.3d 731, 736 (5th Cir. 2017) (quotation marks omitted).

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 (1993)).

While the continuing violation doctrine may allow certain time-barred conduct to be considered as part of a broader hostile work environment claim, it has its limitations: (1) the alleged acts must relate to the single violation it encompasses; (2) the violation is ongoing without intervening employer action, which will sever the acts; and (3) equitable considerations support applying the doctrine without undermining Title VII's filing requirements. *Stewart*, 586 F.3d at 328.

An employer "may avoid Title VII liability when harassment occurred but the defendant took prompt remedial action to protect the claimant." *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 640 (5th Cir. 2014). The Fifth Circuit has recognized prompt remedial action where an employer treated the allegations with appropriate seriousness, promptly initiated a thorough investigation, and implemented corrective and disciplinary measures based on the results. *See Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994).

Long alleges that she was sexually harassed "the weeks prior to April 2023," reported the harassment that month, and that Kerecis investigated her claims and terminated Santilli, the offending employee, in May 2023. Docket No. 8 at 13–14. On these facts, Kerecis took

timely and appropriate remedial action to stop the harassment. *See Carmon*, 17 F.3d at 795. Long has not convinced the Court otherwise. She has not plausibly alleged that Kerecis' response "was not reasonably calculated to halt the harassment." *Williams-Boldware*, 741 F.3d at 440 (citation omitted). Since Long's sexual harassment claim is not protected under the continuing violation doctrine, it is untimely. Accordingly, Kerecis' motion to dismiss is granted on this point.

### B.     Sex Discrimination

Kerecis next contends that Long's sex discrimination claim must be dismissed as untimely and because she failed to identify a comparator. The Court disagrees.

Title VII's 180-day filing requirement also applies to allegations of sex discrimination. Long identifies three discrete events that form the basis of her sex discrimination claim: (1) the division of her territory in October 2023; (2) the hiring of two male employees "around November or December 2023," who were allegedly assigned her former territory and sales quota; and (3) Mr. Wagner's suggestion that she be placed on a performance improvement plan in "late March 2024." Docket No. 8 at 3, 5.

Drawing all reasonable inferences in her favor, Kerecis hiring two male employees and assigning them parts of her former territory and sales quota falls well within the filing requirement. So does attempting to place her on a PIP. But the division of her territory into three parts, which occurred on October 31, 2023, at the latest, falls outside of Title VII's filing period and may not be considered an actionable act.[2] Still Long may use the existence of this act along with Kerecis' knowledge of its occurrence "as background evidence in support of a

---

[2] Kerecis is correct, "there are 182 days from October 31, 2023, to April 30, 2024." Docket No. 17 at 2.

timely claim." *Morgan*, 536 U.S. at 113. Further discovery may reveal more evidence of Kerecis' true motivation for hiring two men, assigning them portions of the territory formerly assigned to Long, and assigning them her previous ($500,000) sales quota after quadrupling her quota.

Kerecis' argument that Long failed to identify a comparator is also unavailing. Title VII does not require her to identify a comparator at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767-68 (5th Cir. 2019.) She has plausibly alleged facts that allow the Court to draw a reasonable inference that individuals outside of her sex were treated more favorably. That satisfies her burden at the motion to dismiss stage.

### C.    Retaliation

Finally, Kerecis moves to dismiss Long's retaliation claim as untimely and for failure to plausibly state a claim. It argues her increased sales quota allegations are untimely and that there is no causal connection between a protected activity and the attempt to place her on a PIP.

The Court agrees that Long's allegations concerning her increased sales quota are time-barred as independent acts of retaliation. By her own admission, this coincided with her territory split which occurred in October 2023. As discussed above, however, those events may still be considered as background evidence supporting her timely allegation regarding the recommendation that she be placed on a PIP. *See Morgan*, 536 U.S. at 113.

The Court now turns to Kerecis' argument that Long failed to plausibly allege a retaliation claim. To state a claim for retaliation under Title VII, Long must allege that: (1) she engaged in a protected activity, (2) she was subjected to a materially adverse action, and (3)

6

there is a causal connection between the protected activity and the materially adverse action. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

The standard at the motion to dismiss stage requires that Long demonstrate facts that can support a reasonable inference of the elements of her claim. *Ashcroft*, 556 U.S. at 678. While courts have recognized that a plaintiff without direct evidence of discrimination must plead a prima facie case under *McDonnell Douglas*, it is equally well-established that "[t]o measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage is inappropriate." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The prima facie framework is an evidentiary standard, not a pleading requirement, and should not be rigidly transposed into the Rule 12(b)(6) context before discovery has "unearthed relevant facts." *Id.* at 512.

Long has met her burden at the motion to dismiss stage. She engaged in protected activity by reporting her former supervisor for sexual harassment. In response, that former supervisor's friend—who witnessed the harassing activity—recommended that she be placed on a PIP. Her allegations satisfy the first two elements of a successful retaliation claim.

Long also bears the burden of establishing the "causal link" between the protected activity and the adverse action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Kerecis maintains that Long has failed to establish a causal connection giving the lapse in time between the protected activity and adverse action. But Long's burden at the pleading stage was to "plausibly allege facts going to the ultimate elements of the claim." *Id.* (citation modified). She has done so. If discovery fails to strengthen the causal connection, then Kerecis may renew its argument at the summary judgment stage. Applying the standard of the day, the motion to dismiss Long's retaliation claim is denied.

7

## IV. Conclusion

Kerecis' motion to dismiss is granted in part and denied in part. The parties shall contact the chambers of the Magistrate Judge within 10 days to coordinate a scheduling conference.

**SO ORDERED**, this the 12th day of June, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
